1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16

| | |
|---|---|
| SEAVON PIERCE, | Case No. 1:16-cv-00494-LJO-EPG-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION RECOMMENDING DENIAL OF PETITION FOR WRIT OF MANDAMUS |
| v. | |
| KAMALA D. HARRIS, et. al., | |
| Respondents. | |

17   Petitioner is a state prisoner confined at Kern Valley State Prison and proceeding *pro se*

18 with a petition for writ of mandamus pursuant to the authority of 28 U.S.C. § 1361. In the

19 petition, Petitioner claims that the Riverside County Superior Court refuses to provide access to

20 court records, which allegedly reveal illegal acts of the Riverside District Attorney's Office, and

21 that the California Department of Corrections and Rehabilitation ("CDCR") is illegally

22 confiscating mail. Petitioner claims that Respondents Harris and Da Silva have direct knowledge

23 of these facts, but have failed to respond and act upon their duties. (ECF No. 1 at 2).[1]

24   The federal mandamus statute provides: "The district courts shall have original

25 jurisdiction of any action in the nature of mandamus to compel an officer or employee of the

26 United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

27

28   [1] Page numbers refer to the ECF page numbers stamped at the top of the page.

The Ninth Circuit has held:

> Mandamus relief is only available to compel an officer of the United States to perform a duty if (1) the plaintiff's claim is clear and certain; (2) the duty of the officer is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available.

Fallini v. Hodel, 783 F.2d 1343, 1345 (9th Cir. 1986) (internal quotation and citations omitted). The Supreme Court has "repeatedly has observed that the writ of mandamus is an extraordinary remedy, to be reserved for extraordinary situations," Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988), and "mandamus under 28 U.S.C. § 1361 will issue only to compel the performance of 'a clear nondiscretionary duty.'" Pittston Coal Group v. Sebben, 488 U.S. 105, 121 (1988) (quoting Heckler v. Ringer, 466 U.S. 602, 616 (1984)).

Here, Petitioner names as respondents Kamala D. Harris, the California Attorney General, and Anthony Da Silva, who is not identified as a federal officer or employee and appears to be a state employee with the Attorney General's Office.[2] Mandamus relief is not available with respect to Respondents Harris and Da Silva in this case because they are not officers, employees, or agencies of the United States. Petitioner also names the Federal Bureau of Investigations ("FBI") as a respondent, but fails to show that the FBI owes Petitioner a clear nondiscretionary duty to provide access to state court records or take action regarding the CDCR's alleged confiscation of mail. Therefore, Petitioner is not entitled to mandamus relief.

Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of mandamus be DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner

---

[2] The petition refers to Respondents as "attorney generals." (ECF No. 1 at 2).

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 3, 2016**                          /s/ _Erica P. Grosjean_

UNITED STATES MAGISTRATE JUDGE