# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAVON PIERCE,<br><br>    Petitioner,<br><br>    v.<br><br>KAMALA D. HARRIS, et al.,<br><br>    Respondents. | Case No. 1:16-cv-00494-LJO-EPG-HC<br><br>ORDER DENYING MOTION FOR DISQUALIFICATION<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(ECF Nos. 17, 18) |

Petitioner is a state prisoner, proceeding pro se, whose petitions to compel were dismissed in part and denied on November 1, 2016. (ECF No. 15). That same day, the Court entered judgment. (ECF No. 16). On November 18, 2016, the Court received the instant motions for disqualification and reconsideration. (ECF Nos. 17, 18).

**I.**

**DISCUSSION**

**A. Motion for Disqualification**

A judge is required to disqualify himself if his impartiality might reasonably be questioned. 28 U.S.C. § 455(a). A judge shall also disqualify himself if he has "personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). The decision regarding disqualification is made by the judge whose impartiality is at issue. Bernard v. Coyne, 31 F.3d 842, 843 (9th Cir. 1994). The Supreme Court has recognized that:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (*i.e.,* apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal.

Liteky v. United States, 510 U.S. 540, 555 (1994) (citation omitted). "The test is 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" United States v. Wilkerson, 208 F.3d 794, 797 (9th Cir. 2000) (quoting United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997)). "Frivolous and improperly based suggestions that a judge recuse should be firmly declined." Maier v. Orr, 758 F.2d 1578, 1583 (9th Cir. 1985) (citations omitted).

Here, Petitioner generally asserts as grounds for disqualification the Court's prior rulings regarding the petitions to compel. Petitioner also contends that the undersigned has "direct knowledge of the falsification of the public record as matters reported to the respondents which includes the F.B.I., and the evidence of these matters being concealed as acts by law enforcement associated officials upon favor, specifically the California Department of Corrections." (ECF No. 17 at 2).[1] The undersigned has no personal knowledge of the alleged falsification of the public record and has no question with his ability to remain impartial. There is no evidence of any impropriety in the record and Petitioner does not point to anything in the record even hinting at such a high degree of favoritism or antagonism that might warrant recusal. See Liteky, 510 U.S. at 555–56. Therefore, the undersigned will not recuse himself.

**B. Motion for Reconsideration**

As the motion for reconsideration was filed within twenty-eight days after entry of the judgment, the Court will consider the motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The Ninth Circuit has held:

> In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam)). The Ninth Circuit has recognized that altering or amending a judgment under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)).

Petitioner contends that altering or amending the judgment is warranted because Petitioner submits as new evidence "admitted facts as established under FRCP 36 in case numbers 1:16-cv-01282-DAD-MJS[2] and EDCV-09-00310-VAP-CW." (ECF No. 18 at 2). As Petitioner has failed to set forth what this new evidence is, the Court finds that relief under Rule 59(e) is not warranted on this ground. Petitioner also contends that "the rulings of the district court [are] contrary to law." (ECF No. 18 at 3). Petitioner's arguments generally were raised in his objections to the findings and recommendation, which the Court reviewed and considered when it conducted a de novo review of the case. Respondents do not have a ministerial duty "so plainly prescribed as to be free from doubt" to act in the manner requested by Petitioner.[3] Fallini

---

[2] The Court notes that in Case No. 1:16-cv-01282-DAD-MJS, Petitioner's motion to proceed *in forma pauperis* was denied because Petitioner suffered three or more dismissals constituting strikes under 28 U.S.C. § 1915(g) and did not qualify to proceed *in forma pauperis* under the imminent danger exception. The Court ordered Petitioner to pay the $400 filing fee or the action would be dismissed. Order, Pierce v. U.S. Congress, No. 1:16-cv-01282-DAD-MJS (E.D. Cal. Nov. 23, 2016), ECF No. 17. See United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (court may take judicial notice of its own records in other cases).

[3] Petitioner's filings are difficult to comprehend. In the first petition to compel, Petitioner appears to claim that the Riverside County Superior Court refuses to provide access to court records, which allegedly reveal illegal acts of the Riverside District Attorney's Office, and that the CDCR is illegally confiscating mail. (ECF No. 1 at 2). In the second petition to compel, Petitioner states:

> The petitioner is being denied access to attorneys, investigators, the appropriate authorities who investigate and respond, intervene upon such acts, public officials, government officials, specific persons/organizations, the media, the press, a federal violation submitted to the federal court, here presented as evidence, Exhibit "A" of the petitioners right to communicate/correspond, a First Amendment violation however defined to be resolved upon duty or constitutional obligation of the respondents. The duty is defined by law and duty of office to report any crime, illegal act, misconduct in public office, acts which violate the federal law between the petitioners, acts in

v. Hodel, 783 F.2d 1343, 1345 (9th Cir. 1986). Accordingly, the Court finds that relief under Rule 59(e) is not warranted based on Petitioner's contentions of manifest errors of law or fact.

## II.
## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that the motion for disqualification (ECF No. 17) and the motion for reconsideration (ECF No. 18) are DENIED.

IT IS SO ORDERED.

    Dated:   **January 11, 2017**             /s/ Lawrence J. O'Neill
                                                      UNITED STATES CHIEF DISTRICT JUDGE

---

   violation of the Constitution which prevent communications between the defined petitioner(s) individually effected.
(ECF No. 11 at 4–5).

4